## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

BRANDON W. WEIR,

      Plaintiff,

      v.

PROGRESSIVE ADVANCED
INSURANCE COMPANY,

      Defendant.

CIVIL ACTION NO. 3:25-CV-00654

(SAPORITO, J.)

## MEMORANDUM

The plaintiff, Brandon Weir, commenced this action on March 14, 2025, in the Court of Common Pleas of Luzerne County, alleging claims for breach of contract, statutory bad faith under Pa. Const. Stat. Ann. § 8371, fraud and misrepresentation, and unjust enrichment against the Progressive Advanced Insurance Company ("Progressive") for Progressive's alleged refusal to provide insurance coverage for the physical loss and damage to the plaintiff's automobile. (Doc. 1-1). The plaintiff also seeks a declaratory judgment and specific performance concerning that coverage (*Id*.). On April 11, 2025, Progressive timely removed the case to the United States District Court for the Middle District of Pennsylvania alleging subject matter jurisdiction under 28

U.S.C. § 1332 (diversity jurisdiction). (Doc. 1). Now before the Court is the plaintiff's motion to remand this case to the Court of Common Pleas of Luzerne County. (Doc. 5). Progressive has filed a brief in opposition to the plaintiff's motion (Doc. 9) and it is now ripe for review.[1]

## I.    Background[2]

While offering few details concerning the events leading up to this action, the plaintiff alleges that on March 15, 2023, his automobile suffered significant damages from an unidentified event. The plaintiff avers that at the time of the event, he held an automobile insurance policy from Progressive that provided coverage for his claim.[3] The plaintiff contends that he immediately reported and provided a written notice of the damage and loss to Progressive, but after undertaking an investigation into his claim, Progressive refused to pay the plaintiff his owed benefits under the policy. The plaintiff alleges that he has paid all necessary premiums and otherwise satisfied all conditions required to recover benefits from the policy.

---

[1] The plaintiff has elected not to file a reply brief to Progressive's brief in opposition.

[2] The facts are taken from the plaintiff's complaint. (Doc. 1-3).

[3] Neither party has provided a copy of the insurance policy to the Court.

## II.    Legal Standard

28 U.S.C. § 1441 governs the removal of a case to federal court. "[T]he burden of establishing removal jurisdiction rests with the defendant." *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 359 (3d Cir. 1995). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

"Defendants must also establish that all pertinent procedural requirements for removal have been met." *Baldy v. First Niagara Pavilion, C.C.R.L, LLC,* 149 F. Supp. 3d 551, 555 (W.D. Pa. 2015) (quoting *A.R. v. Norris,* No. 3:15-CV-1780, 2015 WL 6951872 at *1 (M.D. Pa. Nov. 10, 2015)). Parties seeking removal of an action must file a notice of removal with the district court within thirty days after the receipt by the defendants, through service or otherwise, of the complaint upon the defendants. 28 U.S.C. § 1446(b)(1). When a case involves multiple defendants, "each defendant individually has thirty days to file a notice of removal beginning when that particular defendant is served." *DeIalla*

*v. Hanover Ins.*, 660 F.3d 180, 185 (3d Cir. 2011). "[A]ll defendants must unanimously join or consent to the removal through a timely-filed, express written indication of consent." *Dietz v. Avco Corp.*, 168 F. Supp. 3d 747, 756 (E.D. Pa. 2016). This action can take the form of: (1) clearly and unambiguously joining in the removing defendant's notice of removal; or (2) filing a separate written consent to removal with the court." *Leben v. Steiner Indus., Inc.*, No. 1:24-CV-01398, 2024 WL 4476648, at *3 (M.D. Pa. Oct. 11, 2024).

"Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court." *Id.* (quoting *McGuire v. Safeware, Inc.*, No. CIV. A. 13-3746, 2013 WL 5272767, at *1 (E.D. Pa. Sept. 17, 2013)). "Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). However, a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1446(a). A motion to remand based on an objection to a procedural defect in the removal process is clearly waived if not raised within the

thirty-day period after the filing of the notice of removal. *See Air-Shields, Inc. v. Fullam*, 891 F.2d 63, 66 (3d Cir. 1989) ("By remanding the case for procedural defects after the thirty day limit imposed by … Section 1447(c) had expired, the district court exceeded [its] statutory defined power."). Courts are without authority to expand this period. 28 U.S.C. § 1446(b).

## III. Discussion

The plaintiff moves to remand this action based on a lack of diversity jurisdiction. First, the plaintiff argues that Progressive has failed to satisfy the jurisdictional amount exceeding $75,000 in damages. (Doc. 5, ¶ 2(A)); *see* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000"). Second, the plaintiff alludes to a potential defect in diversity of citizenship in this action. (*Id.*, ¶¶ 2(C),(D)) ("[T]he Defendant is bound by its voluntary connections to the Commonwealth of Pennsylvania" and "[Progressive] specifically agreed to observe the laws and statutes of the Commonwealth of Pennsylvania, and, to submit to the jurisdiction of Pennsylvania Courts…."). Neither argument, however, is persuasive. We will therefore deny the plaintiff's motion to remand.

When determining the amount in controversy for diversity purposes, courts look at the face of the complaint. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). The plaintiff seeks $45,505.02 in compensatory damages for Progressive's alleged breach of contract in this action. (Doc. 1-3, ¶ 22). But the plaintiff also alleges a statutory bad faith claim under Pa. Const. Stat. Ann. § 8371 against Progressive for the handling of the plaintiff's claim, and under Pennsylvania law, if the Court finds that the insurance company has acted in bad faith, the Court may award interest, punitive damages, court costs, and attorney fees. *See* Pa. Const. Stat. Ann. § 8371. As Progressives notes in its notice of removal, both attorney fees and punitive damages are properly considered in determining the amount in controversy. (Doc. 1, ¶¶ 11–13) (citing *Suber v. Chrysler Corp.*, 104 F.3d 578 (3d Cir. 1997) and *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)). Indeed, the Third Circuit has held that "if punitive damages are available under Pennsylvania law for a claim, those combined punitive and compensatory damages exceed $75,000.00, and the claim is not deemed frivolous or without foundation, the complaint satisfies the diversity jurisdictional amount requirement." *Karlowicz v. Am. States Ins. Co.*, No. 3:20-CV-488,

2020 WL 6165303, at * 8 (M.D. Pa. Sept. 18, 2020), *report and recommendation adopted*, No. 3:20-CV-00488, 2020 WL 6163136 (M.D. Pa. Oct. 20, 2020) (citing *Packard*, 994 F.2d at 1046 and *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004)). Therefore, upon review of the plaintiff's complaint, we find that the plaintiff's request of $45,505.02 in compensatory damages, as well as punitive damages, interest, and attorney's fees, exceeds the jurisdiction requirement of $75,000 for diversity purposes.

Even so, the plaintiff contends that the Court should not consider the availability of punitive damages under Pa. Const. Stat. Ann. § 8371 in its assessment of damages because Progressive seeks the dismissal of the plaintiff's bad faith claim in a separate motion to dismiss (Doc. 3). The plaintiff, however, has failed to identify any support for this assertion. Indeed, when determining the amount of controversy, "[t]he temporal focus of the court's evaluation … is on the time that the complaint was filed." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (quoting *Suber*, 104 F.3d at 583); *see also Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 152 (3d Cir. 2009) ("[U]nder a long-standing rule, federal diversity jurisdiction is generally

determined based on the circumstances prevailing at the time the suit was filed."). Therefore, because the plaintiff's complaint seeks damages exceeding $75,000, we find that Progressive has satisfied the amount in controversy requirement for diversity purposes, independent of Progressive's motion to dismiss.

Finally, to the extent to which the plaintiff may argue that there is no diversity of citizenship present in this action because Progressive consented to the jurisdiction of the Commonwealth of Pennsylvania, we note that for diversity purposes, "a corporation is a citizen of its state of incorporation and its principal place of business...." *Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 450 (E.D. Pa. 2019) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010)). Here, Progressive is "an Ohio Corporation with its principal place of business in Ohio..." (Doc. 1, ¶ 6) and the plaintiff "is a citizen of Pennsylvania." (*Id.*, ¶ 5). Therefore, the diversity of citizenship requirement has been satisfied.

## IV.    Conclusion

For the foregoing reasons, we will deny the plaintiff's motion to remand this case to the Court of Common Pleas of Luzerne County. We note that the plaintiff has also requested a stay of all proceedings in this

action pending a decision on his motion to remand. (Doc. 6). Our holding in this memorandum renders that motion moot.

   An appropriate order follows.


Dated: October __23__, 2025          _Joseph F. Saporito, Jr._____
                                     JOSEPH F. SAPORITO, JR.
                                     United States District Judge