## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

BRANDON W. WEIR,

       Plaintiff,

       v.

PROGRESSIVE ADVANCED
INSURANCE COMPANY,

       Defendant.

CIVIL ACTION NO. 3:25-CV-00654

(SAPORITO, J.)

## MEMORANDUM

The plaintiff, Brandon Weir, commenced this action on March 14, 2025, in the Court of Common Pleas of Luzerne County, alleging claims for breach of contract, statutory bad faith under Pa. Const. Stat. Ann. § 8371, fraud and misrepresentation, and unjust enrichment against the Progressive Advanced Insurance Company ("Progressive") for Progressive's alleged refusal to provide insurance coverage for the physical loss and damage to the plaintiff's automobile. (Doc. 1-1). The plaintiff also seeks a declaratory judgment and specific performance concerning that coverage. (*Id.*). On April 11, 2025, Progressive timely removed the case to the United States District Court for the Middle District of Pennsylvania alleging subject matter jurisdiction under 28

U.S.C. § 1132 (diversity jurisdiction). (Doc. 1). Now before the Court is Progressive's partial motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion has been briefed by the parties (Doc. 14; Doc. 15; Doc. 16) and the matter is ripe for review.

## I.    Background

While offering few details in his complaint concerning the events leading up to this action (Doc. 1-3), the plaintiff alleges that on March 15, 2023, his automobile suffered significant damages from an unidentified event. The plaintiff avers that at the time of the event, he held an automobile insurance policy from Progressive that provided coverage for his claim.[1] The plaintiff contends that he immediately reported and provided a written notice of the damage and loss to Progressive, but after undertaking an investigation into his claim, Progressive refused to pay the plaintiff his alleged owed benefits under the policy. The plaintiff alleges that he has paid all necessary premiums and otherwise has satisfied all conditions required to recover benefits from the policy.

---

[1] Neither party has provided a copy of the insurance policy to the Court.

## II.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Moreover, "a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.,* 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Courts may consider the facts alleged on the face of the complaint in addition to "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). While it must accept all allegations in the complaint as true, the Court does not have to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007)).

## III.    Discussion

Progressive has moved to dismiss the plaintiff's claims for statutory

bad faith (Count II), fraud and misrepresentation (Count III), declaratory judgment (Count IV), specific performance (Count V), and unjust enrichment (Count VI).

### A. Statutory Bad Faith

The plaintiff has alleged a statutory bad faith claim pursuant to 42 Pa. Const. Stat. Ann. § 8371 against Progressive. The statute provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take the following actions:
>
> > (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> >
> > (2) Award punitive damages against the insurer.
> >
> > (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371. Under Pennsylvania law,

> The term bad faith includes any frivolous or unfounded refusal to pay proceeds of a policy. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing) through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith. Therefore,

> in order to recover under a bad faith claim, a plaintiff must show (1) that the defendant did not have a reasonable basis for denying benefits under the policy; and (2) that the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim.

*Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (citations and internal quotation marks omitted). "These two elements– absence of a reasonable basis for denying a claim under the policy and knowledge or reckless disregard of the lack of such reasonable basis– must be proven by clear and convincing evidence." *Cozzone v. AXA Equitable Life Ins. Soc. of the U.S.*, 858 F. Supp. 2d 452, 458 (M.D. Pa. 2012) (citing *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 3d Cir. 1997)).

In deciding whether an insurer had a reasonable basis for denying benefits, a court must examine what factors the insurer considered in evaluating the claim. *See Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688–89 (Pa. Super. Ct. 1994). "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condlio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2000)). "[M]ere negligence is insufficient for a finding of bad faith under Section 8371…." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 374 (Pa.

2017). Recklessness on the part of the insurer, however, can support a finding of bad faith. *Id.*

Progressive moves to dismiss the plaintiff's bad faith claim on the basis that it fails to contain factual allegations sufficient to the claim above a speculative level. Upon review of the plaintiff's complaint, even viewing it in light most favorable to the plaintiff, we find that the complaint has failed to allege sufficient allegations to make plausible that Progressive is liable under Pennsylvania's bad faith statute.

The plaintiff's complaint features approximately seven general averments that the plaintiff argues constitutes bad faith. These include the following:

> 25.    Upon information and belief, the Defendant possesses no evidence that the automobile damage did not occur as reported by the Plaintiff.
>
> 26.    Upon information and belief, the Defendant posses no evidence that the damage did not occur in such a way as is covered under the terms of the insurance contract and/or all applicable endorsements.
>
> 27.    Upon information and belief, the Defendant has no reasonable and sufficient basis for its conclusion that the damage to the Plaintiff's automobile is not a covered loss under the insurance contract.

28.    The Defendant acted in bad faith toward the Plaintiff when it denied the Plaintiff's claim.

29.    Defendant's conduct and actions in employing, using and relying upon its investigation and adjustment of the Plaintiff's claim and determination of the amount of damages and monetary amount of loss to the Plaintiff's automobile, constitutes bad faith on the part of Defendant toward its insured.

(Doc. 1-3, ¶¶ 25–29). Moreover, the plaintiff's complaint also features ten direct allegations of conduct that the plaintiff alleges constitute bad faith on part of Progressive. These include allegations that Progressive:

a. Failed to promptly and reasonably respond to Plaintiff's demands for prompt payment of Plaintiff's insurance claims after Defendant had been provided with loss documentation that clearly established that immediate payment of such insurance benefits was justifiable and warranted;

b. Unreasonably and vexatiously delayed payment of insurance benefits to the Plaintiff when it was clear that immediate payment of the insurance policy benefits was justified and warranted;

c. Failed to make a reasonable settlement offer or payment to the Plaintiff, thereby compelling Plaintiff to institute the instant action and incur additional costs to recover those benefits rightly due to him;

d. Failed and/or refused to pay the full amount of Plaintiff's insurance policy benefits and damages without a reasonable foundation to do so;

> e. Forced Plaintiff to unnecessarily incur significant debt by failing to promptly pay insurance policy benefits that were rightly to him;

(*Id.*, ¶¶ 30(a)–(e). But these allegations are simply conclusory allegations and legal conclusions devoid of any factual support. *See Morrow*, 719 F.3d at 165 (emphasizing that the Court does not have to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation."). The plaintiff has not only failed to allege how Progressive's specific conduct or actions amounted to bad faith, but he has also failed to identify a single action taken by Progressive in the entirety of the complaint. *See Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) ("Bad faith claims are fact specific and turn on the specific conduct of the insurer toward the insured."); *Id.* (holding that allegations that "Defendant engaged 'in dilatory and abusive claims handling' but providing no examples of how Defendant handled Plaintiff's claim" are legal conclusions); *Condlio*, 899 A.2d at 1143 ("Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured."). Moreover, the plaintiff's brief in opposition features this same weakness. We cannot locate a single action undertaken by Progressive in the brief's twenty-five pages of analysis. *See* (Doc. 14).

We find that the plaintiff's complaint is made up of boilerplate and generic allegations that courts in this District have routinely dismissed due to insufficient factual support that rise to level of a reasonable inference necessary to survive a motion to dismiss. *See, e.g., Marks v. State Farm Fire & Cas. Co.*, 2021 WL 3022637 (M.D. Pa. July 16, 2021); *Debree v. Am. States Ins. Co.*, 2021 WL 1227929 (M.D. Pa. Mar. 1, 2021); *Wyoming Valley Fraternal Order of Police v. Selective Ins. Co.*, 2019 WL 626460 (M.D. Pa. Feb. 14, 2019); *Moran v. United Serv. Auto. Ass'n*, 2019 WL 626440 (M.D. Pa. Feb. 14, 2019); *Winslow v. Progressive Specialty Ins. Co.*, 2018 WL 6527323 (M.D. Pa. Dec. 12, 2018); *Meyers v. Protective Ins. Co.*, 2017 WL 386644 (M.D. Pa. 2017).[2] Indeed, the court in *Winslow* found that the *identical* language used by the plaintiff in his complaint was conclusory, explaining that "[allegations that Insurer] failed 'to properly investigate and evaluate Plaintiff's … claim' and that 'defendant knew or recklessly disregarded the fact that it had no reasonable basis for its above conduct' are conclusory statements and recitations of the elements of the claim that need not be accepted as true." *Winslow*, 2018

---

[2] Progressive has also directed the Court to twenty-four additional cases in the Eastern and Western District Courts of Pennsylvania with similar holdings. (Doc. 4, at 11–12).

WL 6527323, at *4 (quoting *Rickell v. USAA Casualty Insurance Co.*, Civ. A. No. 1:18-CV-1279, 2018 WL 5809865 at *3 (M.D. Pa. Nov. 6, 2018); *See also Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (holding that allegations that the defendant insurer had "engaged in unfair settlement negotiations," "mispresented facts" about the plaintiff's insurance policy, and "failed to properly investigate" the plaintiff's underinsured motorist claim were legal conclusions). Therefore, Progressive's motion to dismiss will be granted as to this claim. The plaintiff, however, will be granted leave to amend.

### B. Fraud and Misrepresentation

The plaintiff has alleged a claim of fraud and misrepresentation against Progressive. To plead a *prima facie* case of fraud, a plaintiff must show: "(1) a misrepresentation of material fact, (2) scienter, (3) intention by the maker of the misrepresentation to induce the recipient to act, (4) justifiable reliance by the recipient upon the misrepresentation, and (5) damage to the recipient as a proximate result." *Quinn Constr., Inc. v. Skanska USA Bldg., Inc.*, 730 F. Supp. 2d 401, 415 (E.D. Pa. 2010) (quoting *Kuehner v. Parsons,* 107 Pa. Commw. 61, 64, 527 A.3d 627, 629 (1987)). Moreover, the Federal Rules of Civil Procedure require that

allegations of fraud be pled with particularity. *See* Fed. R. Civ. Pro 9(b).

"Rule 9(b) may be satisfied by describing the circumstances of the alleged fraud with precise allegations of date, time, or place, or by using some means of injecting precision and some measure of substantiation into allegations of fraud." *Ohama v. Markowitz*, 434 F. Supp. 3d 303, 310 (E.D. Pa. 2020 (citing *Bd. of Trs. of Teamsters Loc. 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 173 n. 10 (3d Cir. 2002)). Progressive moves to dismiss the plaintiff's claim on the basis that the plaintiff has failed to plead fraud with the requisite specificity needed for that claim and the plaintiff has failed to establish that he justifiably relied upon any of Progressive's fraudulent conduct..

The plaintiff has alleged that:

> 33. At all times relevant, Defendant has marketed itself as a company which its insured could rely on for prompt and fair evaluation and prompt payment of claims.

> 34. Defendant represents the above image to its insureds, and represented that image to Plaintiff in order to induce the Plaintiff, Brandon W. Weir, to purchase insurance with Defendant.

> 35. The plaintiff did, in fact, rely upon and was induced by aforesaid representations made by Defendant and made its decision to purchase insurance from Defendant on the basis of that

reliance and inducement.

36. When Defendant made the above representations to the Plaintiff, those representations were false.

(Doc. 1-3, ¶¶ 33–36). But similar to the plaintiff's statutory bad faith claim, the plaintiff's claim of fraud and misrepresentation features general boilerplate language without any factual support. The plaintiff has failed to make clear exactly what was misrepresented to him by Progressive or how he justifiably relied on that misrepresentation. Indeed, when faced with *identical* allegations concerning a claim for fraud and misrepresentation, the court in *Winslow* held:

> [Plaintiff] must plead fraud with particularity. He certainly has not done so here nor has he satisfied general federal pleading requirements discussed [prior]. The statements regarding how Progressive marketed itself are vague and conclusory as are the statements about Plaintiff's reliance on the marketing, his inducement to purchase insurance from Progressive, and the falsity of representations. Such statements do not satisfy the relevant pleading standard. [Plaintiff's] incorporation of certain elements of the claims at issue in his conclusory assertions are unavailing in that recitation of the elements of a claim are not entitled to the assumption of truth for pleading purposes.

*Winslow*, 2018 WL 6527323, at *6 (internal citations omitted). We find that the court's analysis in *Winslow* equally applies to this action.

Therefore, Progressive's motion to dismiss as to this claim will be granted.[3] The plaintiff, however, will be granted leave to amend.

## C. Declaratory Judgment

The plaintiff seeks a declaratory judgment, requesting a determination of his "rights, obligations, and coverages under the subject policy." (Doc. 1-3, ¶ 39). He further seeks "a declaration that the insurance policy provides full insurance coverage for all damages to the insured's property, and loss of use." (*Id.*, ¶ 40). Progressive moves to dismiss the plaintiff's claim for declaratory judgment on the basis that it is unnecessarily duplicative of the plaintiff's breach of contract claim.

The federal Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether further relief is or could be sought." 28 U.S.C. § 2201(a). "District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies

---

[3] Progressive has also argued that the plaintiff's claim is barred by the gist of the action doctrine. We need not analyze this argument, however, due to our dismissal of the plaintiff's claim.

subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). Moreover, the Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287 (internal quotations and citations omitted).

However, courts "generally decline granting declaratory relief when the claim for declaratory judgment is entirely duplicative of another claim in the cause of action." *Butta v. GEICO Ca. Co.*, 400 F. Supp. 3d 225, 233 (E.D. Pa. 2019). These include duplicative breach of contract claims. *See Winslow*, 2018 WL 6527323 at * 7 ("[D]istrict courts have dismissed declaratory judgment claims at the motion to dismiss stage when they duplicate breach of contract claims within the same action."); *Brugler v. Unum Group and Provident Life and Accident Ins. Co.*, Civ. A. No. 4:15-CV-1031, 2018 WL 5734680 at *2 n.12 (M.D. Pa. Nov. 2, 2018); *Morris v. American Nat. Ins. Corp.*, Civ. A. No. 4:13-CV-2236, 2015 WL 4092393, at *8 n.7 (M.D. Pa. July 7, 2015); *In re Lincoln Nat'l COI Litig.*, 269 F. Supp. 3d 622 (E.D. Pa. 2017); *Landau v. Viridian Energy PA LLC*, 223 F. Supp. 3d 401, 421–22 (E.D. Pa. 2016). Here, the plaintiff's breach of contract claim and his declaratory judgment claim are duplicative; both claims are premised on the plaintiff's assertions that he is owed

insurance benefits and coverage for the damage to his vehicle. Therefore, the plaintiff's claim for a declaratory judgment will be dismissed with prejudice, as providing leave to amend this claim would prove futile.

## D. Specific Performance

The plaintiff seeks specific performance of the insurance contract between himself and Progressive on the basis that he "performed his end of the bargain." (Doc. 1-3, ¶ 43). Specifically, it appears that the plaintiff only requests the proceeds that he believes he is owed under the policy. Progressive has moved to dismiss the plaintiff's claim on the basis that specific performance does not apply to claims for monetary damage.

> A request for specific performance is an appeal to the court's equitable powers. Specific performance generally is described as the surrender of a thing in itself, because that thing is unique and thus incapable–by its nature– of duplication. A decree of specific performance is not a matter of right, but of grace. Such a decree will be granted only if a plaintiff clearly is entitled to such relief, there is no adequate remedy at law, and the trial court believes that justice requires such a decree.

*Oliver v. Ball*, 136 A.3d 162, 166 (Pa. Super. Ct. 2016) (internal quotations and citations omitted). Here, the plaintiff has failed to explain why he has no adequate remedy at law. Indeed, courts have dismissed claims for specific performance where the plaintiff also seeks monetary damages for

breach of contract because such damages constitute an adequate remedy at law. *See O'Shea v. Mut. Life Ins. Co. of New York*, 2002 WL 32348944, at *2 (E.D. Pa. Jan. 22, 2002) ("As an action for breach of contract provides an adequate legal remedy to [Plaintiff] in the instant case, she may not pursue her claim for specific performance."); *Winslow*, 2018 WL 6527323 at *8 (dismissing the plaintiff's specific performance claim in identical circumstances where the plaintiff sought money damages under an insurance policy and asserting a breach of contract claim). Therefore, the plaintiff's claim for specific performance will be dismissed with prejudice, as providing leave to amend this claim would prove futile.

### E. Unjust Enrichment

The plaintiff brings an unjust enrichment claim against Progressive for Progressive's alleged failure to "pay the proceeds owed to the Plaintiff for the insured damage to his insured property." (Doc. 1-3, ¶ 45). But as Progressive points out, it is well established that the doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded on a written agreement or express contract. *See Third Nat'l Bank & Trust Co. of Scranton v. Lehigh Valley Coal Co.*, 44 A.2d 571, 574 (Pa. 1945) ("[U]njust enrichment … [is] a principle of

quasicontract [and] is not applicable to agreements deliberately entered into by parties."); *see Winslow*, 2018 WL 6527323 at* 8 ("Under Pennsylvania law, no basis exists for an action of unjust enrichment when the plaintiff has a direct contractual relationship with the defendant insurance company") (citing *Benefit Trust Life Ins. Co. v. Union Nat. Bank of Pittsburgh*, 776 F.2d 1174, 1177 (3d Cir. 1985)). Therefore, we will dismiss the plaintiff's unjust enrichment claim with prejudice, as providing leave to amend this claim would prove futile.

### F. Attorney Fees

Progressive moves to strike the plaintiff's request for attorney fees in his breach of contract claim. Progressive argues that attorney fees are not available for breach of contract absent express statutory authorization, clear agreement between the parties, or a clear exception. (Doc. 4, at 22) (citing *Bayne v. Smith*, 965, A.2d 265, 267 (Pa. Super. Ct. 2009)). The plaintiff has failed to address this argument in his brief in opposition and therefore, the plaintiff "shall be deemed not to oppose such motion." M.D. Pa. L.R. 7.6. Therefore, the plaintiff's request for attorney fees is stricken from his breach of contract claim.

## IV.    Conclusion

For the foregoing reasons, Progressive's partial motion to dismiss will be granted in its entirety. The plaintiff's request for attorney fees in his breach of contract claim (Count I) will be stricken. The plaintiff's statutory bad faith claim (Count II) and his claim for misrepresentation and fraud (Count III) will be dismissed without prejudice. The plaintiff's request for declaratory judgment (Count IV), his request for specific performance (Count V), and his claim for unjust enrichment (Count VI) will be dismissed with prejudice.[4]

---

[4] We must note that plaintiff's counsel filed a nearly identical complaint in this action as he did in a separate case, *Brandon W. Weir v. Progressive Advanced Insurance Company*, No. 3:25-CV-1504-RDM, involving the same parties and the same general claims, though based on separate losses. *See* (Doc. 1-2), No. 3:25-CV-1504. Moreover, plaintiff's counsel filed the same identical brief in opposition to Progressive's motion to dismiss in that matter as he did here, even though the cases seek different damages for two different automobile accidents. *Compare* (Doc. 14) *with* (Doc. 16), No. 3:25-CV-1504. While counsel's decision to file identical briefs in two separate cases does not factor into our analysis concerning this memorandum, we shall presume that it was merely the inadvertent result of the pendency of two cases involving the same plaintiff and the same insurance company rather than counsel's conscious decision.

An appropriate order follows.

Dated: January 23, 2026          *s/Joseph F. Saporito, Jr.*
                                 JOSEPH F. SAPORITO, JR.
                                 United States District Judge