UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BRANDON W. WEIR,

      Plaintiff,

      v.

PROGRESSIVE ADVANCED
INSURANCE COMPANY,

      Defendant.

CIVIL ACTION NO. 3:25-CV-00654

(SAPORITO, J.)

## MEMORANDUM

The plaintiff, Brandon Weir, commenced this action on March 14, 2025, in the Court of Common Pleas of Luzerne County, alleging claims for breach of contract, statutory bad faith under Pa. Const. Stat. Ann. § 8371, fraud and misrepresentation, and unjust enrichment against the Progressive Advanced Insurance Company ("Progressive") for Progressive's alleged refusal to provide insurance coverage for the physical loss and damage to the plaintiff's automobile. (Doc. 1-1). The plaintiff also sought a declaratory judgment and specific performance concerning that coverage. (*Id.*). On April 11, 2025, Progressive timely removed the case to the United States District Court for the Middle District of Pennsylvania alleging subject matter jurisdiction under 28

U.S.C. § 1132 (diversity jurisdiction). (Doc. 1).

On April 18, 2025, Progressive filed a partial motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 3). On January 23, 2026, we granted Progressive's partial motion to dismiss, dismissing the plaintiff's bad faith claim and his claim for misrepresentation and fraud without prejudice and dismissing his request for declaratory judgment, request for specific performance, and claim for unjust enrichment with prejudice. (Doc. 18). On February 12, 2026, the plaintiff filed an amended complaint for breach of contract, statutory bad faith under Pa. Const. Stat. Ann. § 8371, and fraud and misrepresentation. Now before the court is Progressive's partial motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 20). The motion has been briefed by the parties (Doc. 21; Doc. 22; Doc. 23) and the matter is ripe for review.

## I.   Background

While offering few details in his complaint concerning the events leading up to this action (Doc. 19), the plaintiff alleges that on March 15, 2023, his automobile suffered significant damages from an unidentified

event. The plaintiff avers that at the time of the event, he held an automobile insurance policy from Progressive that provided coverage for his claim.[1] The plaintiff contends that he immediately reported and provided a written notice of the damage and loss to Progressive, but after undertaking an investigation into his claim, Progressive refused to pay the plaintiff his alleged owed benefits under the policy. The plaintiff alleges that he has paid all necessary premiums and otherwise has satisfied all conditions required to recover benefits from the policy.

## II.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Moreover, "a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.,* 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Courts may

---

[1] Neither party has provided a copy of the insurance policy to the Court.

consider the facts alleged on the face of the complaint in addition to "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). While it must accept all allegations in the complaint as true, the Court does not have to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

## III.  Discussion

Progressive has moved to dismiss the plaintiff's claims for statutory bad faith (Count II) and for fraud and misrepresentation (Count III).

### A. Statutory Bad Faith

The plaintiff has alleged a statutory bad faith claim pursuant to 42 Pa. Const. Stat. Ann. § 8371 against Progressive. The statute provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take the following actions:
>
> > (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest

plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371. Under Pennsylvania law,

> The term bad faith includes any frivolous or unfounded refusal to pay proceeds of a policy. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing) through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith. Therefore, in order to recover under a bad faith claim, a plaintiff must show (1) that the defendant did not have a reasonable basis for denying benefits under the policy; and (2) that the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim.

*Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (citations and internal quotation marks omitted). "These two elements–absence of a reasonable basis for denying a claim under the policy and knowledge or reckless disregard of the lack of such reasonable basis–must be proven by clear and convincing evidence." *Cozzone v. AXA Equitable Life Ins. Soc. of the U.S.*, 858 F. Supp. 2d 452, 458 (M.D. Pa. 2012) (citing *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 3d Cir. 1997)).

In deciding whether an insurer had a reasonable basis for denying benefits, a court must examine what factors the insurer considered in evaluating the claim. *See Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688–89 (Pa. Super. Ct. 1994). "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condlio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2000)). "[M]ere negligence is insufficient for a finding of bad faith under Section 8371…." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 374 (Pa. 2017). Recklessness on the part of the insurer, however, can support a finding of bad faith. *Id.*

We previously dismissed the plaintiff's statutory bad faith claim on the basis that the plaintiff's allegations represented conclusory allegations and legal conclusions that were devoid of any factual support. *See Weir v. Progressive Advanced Ins. Co.*, No. 3:25-CV-00654, 2026 WL 184242, at *3 (M.D. Pa. Jan. 23, 2026). We stated that "[t]he plaintiff has not only failed to allege how Progressive's specific conduct or actions amounted to bad faith, but he has also failed to identify a single action taken by Progressive in the entirety of the complaint." *Id.* Indeed we concluded that "the plaintiff's complaint is made up of boilerplate and

generic allegations that courts in this District have routinely dismissed due to insufficient factual support that rise to level of a reasonable inference necessary to survive a motion to dismiss." *Id.* at \*4 (collecting cases).[2]

Here, the plaintiff's amended complaint features that same identical language that we have not only found to be insufficient in our previous memorandum, *see id.* at \*3, but that other courts in this District have routinely dismissed due to insufficient factual support. *Id.* at \*4; *see, e.g., Marks v. State Farm Fire & Cas. Co.*, 2021 WL 3022637 (M.D. Pa. July 16, 2021); *Debree v. Am. States Ins. Co.*, 2021 WL 1227929 (M.D. Pa. Mar. 1, 2021). Therefore, as we found before, the plaintiff's amended complaint contains insufficient allegations to make plausible that Progressive is liable under Pennsylvania's bad faith statute.[3]

---

[2] We also noted that the court in *Winslow v. Progressive Specialty Ins. Co.*, 2018 WL 6527323 (M.D. Pa. Dec. 12, 2018) found that *identical* language used by the plaintiff was conclusory.

[3] The only differences between the plaintiff's statutory bad faith claim in his original complaint and his amended complaint are the following additions: "29. The Pennsylvania Supreme Court in *Rancosky v. Washington Nat'l Ins. Co.*… clarified that the test for insurance bad faith … does not require proof of a motive of self-interest or ill will on the party of the insurance company" and "30. Evidence of motive of self-interest or ill will can be probative of whether the insurance company

*(continued on next page)*

## B. Fraud and Misrepresentation

The plaintiff has alleged a claim of fraud and misrepresentation against Progressive. To plead a *prima facie* case of fraud, a plaintiff must show: "(1) a misrepresentation of material fact, (2) scienter, (3) intention by the maker of the misrepresentation to induce the recipient to act, (4) justifiable reliance by the recipient upon the misrepresentation, and (5) damage to the recipient as a proximate result." *Quinn Constr., Inc. v. Skanska USA Bldg., Inc.*, 730 F. Supp. 2d 401, 415 (E.D. Pa. 2010) (quoting *Kuehner v. Parsons,* 107 Pa. Commw. 61, 64, 527 A.3d 627, 629 (1987)). Moreover, the Federal Rules of Civil Procedure require that allegations of fraud be pled with particularity. *See* Fed. R. Civ. Pro 9(b).

---

knew or recklessly disregarded its lack of reasonable basis in denying a claim." (Doc. 19, ¶ 29, 30). These additions are merely legal conclusions, as opposed to factual allegations, and do not solve the deficiencies noted in the plaintiff's original complaint. But we must also note that although we warned the plaintiff about the insufficient use of boilerplate and generic allegations in our dismissal of his previous statutory bad faith claim, the amended complaint continues to contain identical boilerplate language in other cases within this District. Indeed, our case directly mirrors a recently-decided case in this District, *Weir v. Progressive Advanced Ins. Co.*, No. 3:25-CV-1504, 2026 WL 937541, at *2 n. 4 (M.D. Pa. Apr. 7, 2026), where Judge Mariani found that the only difference between the plaintiff's original complaint and his amended complaint concerning his claims for statutory bad faith were two new allegations: the same two allegations that the plaintiff included in this case.

"Rule 9(b) may be satisfied by describing the circumstances of the alleged fraud with precise allegations of date, time, or place, or by using some means of injecting precision and some measure of substantiation into allegations of fraud." *Ohama v. Markowitz*, 434 F. Supp. 3d 303, 310 (E.D. Pa. 2020 (citing *Bd. of Trs. of Teamsters Loc. 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 173 n. 10 (3d Cir. 2002)). Progressive moves to dismiss the plaintiff's claim on the basis that the plaintiff has failed to plead fraud with the requisite specificity needed for that claim and the plaintiff has failed to establish that he justifiably relied upon any of Progressive's fraudulent conduct.

We previously dismissed the plaintiff's claim of fraud and misrepresentation on similar grounds as the plaintiff's claim for statutory bad faith, finding that the plaintiff's claim featured general boilerplate language without any factual support. *Weir*, 2026 WL 184242, at *5. We noted that "[t]he plaintiff has failed to make clear exactly what was misrepresented to him by Progressive or how he justifiably relied on that misrepresentation." *Id.* Upon review of the plaintiff's amended complaint, we find that the plaintiff has still failed to provide sufficient factual support for his claim of fraud and misrepresentation. While the

plaintiff has added seven additional allegations to his amended complaint, those allegations "fail to identify, at a minimum, when the alleged fraud took place, where it took place, and how the alleged fraud took place." *Weir v. Progressive Advanced Ins. Co.*, No. 3:25-CV-1504, 2026 WL 937541, at *5 (M.D. Pa. Apr. 7, 2026) (citing Fed. R. Civ. P. 9(b)).[4] "More is needed to comply with Rule Federal Rule of Civil Procedure 9(b)." *Id.* Therefore, the plaintiff's amended complaint contains insufficient allegations to make plausible that Progressive is liable for fraud and misrepresentation.

We will allow the plaintiff one final opportunity to amend his complaint.

---

[4] Similar to the plaintiff's claim for statutory bad faith, despite our previous warning about using boilerplate and generic allegations to support claims, the amended complaint continues to contain boilerplate language to support the plaintiff's claim for fraud and misrepresentation in his amended complaint. Again, our case here directly mirrors the recently-decided *Weir v. Progressive Advanced Ins. Co.*, No. 3:25-CV-1504, 2026 WL 937541, at *4 n. 6 (M.D. Pa. Apr. 7, 2026), where Judge Mariani found that the only real difference between the plaintiff's original complaint and his amended complaint concerning his claim for fraud and misrepresentation was the addition of seven conclusory allegations: the same seven allegations that the plaintiff included in this action.

## IV.   Conclusion

For the foregoing reasons, we will grant Progressive's partial motion to dismiss without prejudice and grant the plaintiff leave to file another amended complaint consistent with this Memorandum.

An appropriate order follows.

Dated: June 17, 2026                *s/Joseph F. Saporito, Jr.*
                                    JOSEPH F. SAPORITO, JR.
                                    United States District Judge